IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID DECRISTOFORO, JR.,

    Plaintiff,                                  No. CIV S-08-0933 JAM EFB

    vs.

REXON INDUSTRIAL CORP.; POWER TOOLS SPECIALISTS, INC.; and SEARS ROEBUCK & CO.,

    Defendants.                             <u>ORDER</u>

_____/

On September 2, 2009, the court heard plaintiff's motion to compel defendant Sears Roebuck & Co. ("Sears") to respond to certain interrogatories and requests for production of documents that plaintiff served upon Sears on April 15, 2009. Dckt. No. 47. Attorney Kieran Ringgenberg appeared on behalf of plaintiff; attorneys Andrea Miller, Andrew Sclar, and Craig MacGlashan appeared on behalf of Sears; and attorneys Andrea Miller and Craig MacGlashan appeared on behalf of defendant Rexon Industrial Corp.

For the reasons stated on the record and with the limitations stated on the record, plaintiff's motion to compel, Dckt. No. 47, is granted.

////

////

Not addressed at the September 2, 2009, hearing was plaintiff's related request for sanctions. Dckt. No. 47-2 at 13. Federal Rule of Civil Procedure 37(a)(5)(C) provides that if a motion to compel discovery "is granted in part and denied in part, the court *may* . . . apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C) (emphasis added). Additionally, Rule 37(a)(5)(A) provides that a court *must not* award expenses if, among other things, "the opposing party's nondisclosure, response, or objection was substantially justified; or . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). Although Sears was often dilatory and less than forthcoming in its responses to plaintiff's discovery requests, the court declines to award expenses in this matter because plaintiff's motion to compel was granted only in part (as noted on the record, several limitations were imposed on the scope of plaintiff's discovery requests), and because Sears' objections to many of the discovery requests (specifically, Sears' objections to plaintiff's requests for information and documents about table saws other than the saw at issue in this action) raised reasonable questions that justified obtaining the court's ruling. Even though the court ultimately determined that information and documents regarding table saws which are similar to the saw at issue in this action are discoverable, the issue was subject to legitimate dispute.[1] Therefore, plaintiff's request for sanctions is denied.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. For the reasons stated on the record and with the limitations stated on the record, plaintiff's motion to compel, Dckt. No. 47, is granted; and,

////
////
////
////

---

[1] Additionally, plaintiff failed to provide the court with any evidence, or even argument, regarding the expenses he incurred in bringing the motion to compel.

1    2.    Plaintiff's request for sanctions contained therein is denied.

2    SO ORDERED.

3    DATED: September 3, 2009.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE