George F. Carpinello (*Pro Hac*)
Kieran Ringgenberg (State Bar No. 208600)
**BOIES, SCHILLER & FLEXNER LLP**
1999 Harrison St., Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
Email: fnorton@bsfllp.com

Richard J. Sullivan
**SULLIVAN & SULLIVAN LLP**
40 Washington Street
Wellesley, MA   02481
Telephone:     781-263-9400
Facsimile:       781-239-1360
Email:            rsullivan@sullivanllp.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF EASTERN CALIFORNIA**

| | |
|---|---|
| DAVID DECRISTOFORO JR.,<br><br>        Plaintiff,<br><br>   v.<br><br>REXON INDUSTRIAL CORP., POWER TOOLS SPECIALISTS, INC., RYOBI TECHNOLOGIES, INC., ONE WORLD TECHNOLOGIES, INC., and SEARS ROEBUCK & CO.,<br><br>        Defendants. | **CASE NO. 2:08-CV-0933-JAM-EFB**<br><br>**STIPULATED PROTECTIVE ORDER** |

**STIPULATED PROTECTIVE ORDER**

1

PDF created with pdfFactory trial version www.pdffactory.com

IT IS HEREBY STIPULATED AND AGREED by and between David Decristoforo, Jr., Rexon Industrial Corp. Power Tools Specialists, Inc. and Sears Roebuck & Co. by and through their undersigned counsel that:

1. <u>Proceedings and Information Governed</u>

This Protective Order and any amendments or modifications hereto shall govern any documents, information or thing furnished by any party, including third parties (hereafter termed "conveying party"), to any other party (hereafter termed "receiving party") in connection with the discovery and pretrial phase of this action.

This Protective Order shall not preclude any party from withholding any document, information or thing on the basis of the attorney-client privilege or attorney work-product doctrine, or otherwise affect any party's claim of privilege with respect to any such document, information or thing. The inadvertent production of any privileged document, information or thing shall not be deemed a waiver of such privilege or otherwise affect any party's right to seek return of the inadvertently produced document, information or thing. Further, this Protective Order shall not preclude any party from withholding any document, information or thing the disclosure of which might constitute a breach of an agreement with a third party, nor shall it preclude any party from moving the Court for an order directing the disclosure of such materials.

This Protective Order does not govern proceedings during trial, nor does it prohibit either party from seeking a protective order to govern proceedings during trial.

Subject to the terms set forth below, all information produced by a conveying party shall be used by the parties receiving the information solely for the purposes of preparing for and conducting this action, and the information shall not be used for any other purpose.

//

//

PDF created with pdfFactory trial version www.pdffactory.com

2. Definitions

"CONFIDENTIAL MATERIALS" are any documents, information or things that constitute, reflect or contain trade secrets or other non-public, proprietary or business-sensitive information or things, including, without limitation, confidential research, development, financial, corporate, or other commercial information belonging to or concerning a party or conveying party and that a party or conveying party designates as "CONFIDENTIAL" or "CONFIDENTIAL-2" as described below.

"Confidentiality Pledge" shall mean an undertaking, in the form attached hereto as Exhibit A, to be bound by the provisions of this Protective Order.

"Inadvertent Production" shall mean unintentional or accidental production of privileged documents, information or things for whatever reason irrespective of whether: (i) such production was careless, reckless, or negligent; or (ii) the precautions taken to avoid such inadvertent production were inadequate.

3. Designation of Confidential Information

a. Documents, information and things produced by a party during the course of this litigation, including but not limited to responses to discovery requests and interrogatories, may be designated by such party as "CONFIDENTIAL" or "CONFIDENTIAL-2" at the time of production. After such time, a document, information or thing may be designated as "CONFIDENTIAL" or "CONFIDENTIAL-2" in writing, by any party, provided that any such designation shall be within a reasonable time after disclosure. In addition, within one month of the date of this Protective Order, any party may designate as "CONFIDENTIAL" or "CONFIDENTIAL-2" a document, information or thing previously produced in this action.

b. Documents, information and things produced by a party during the course of this litigation, including but not limited to responses to discovery requests and interrogatories,

3

PDF created with pdfFactory trial version www.pdffactory.com

shall be designated by the conveying party as containing "CONFIDENTIAL" or "CONFIDENTIAL-2" information by placing a "CONFIDENTIAL(or CONFIDENTIAL-2) – Subject to Protective Order" legend on each page and each thing, by so indicating in any other reasonable manner appropriate to the form in which the documents, information or things are made available to the receiving party, or alternatively, by advising the receiving party in writing as to the particular documents, information or things designated "CONFIDENTIAL" or "CONFIDENTIAL-2."

   c. A party may designate information disclosed at a deposition, including questions, testimony, documents or exhibits as "CONFIDENTIAL" or "CONFIDENTIAL-2" by requesting that the reporter so designate all or part of the deposition transcript at the time of the deposition or by requesting such designation in writing within a reasonable time after receipt of the deposition transcript. Where only a portion of a deposition transcript contains "CONFIDENTIAL" or "CONFIDENTIAL-2" information, only such portion of the transcript may be so designated. Any portions of a deposition transcript designated "CONFIDENTIAL" or "CONFIDENTIAL-2" and any deposition exhibits so designated shall be bound separately and treated accordingly.

   d. Any party invoking "CONFIDENTIAL" or "CONFIDENTIAL-2" protection during a deposition may exclude from the room any person who is not authorized under this Protective Order to receive information designated "CONFIDENTIAL" or "CONFIDENTIAL-2."

   e. Any designation of discovery responses, motion papers, briefs, memoranda or any other papers filed or lodged with the Court and/or served on opposing counsel as "CONFIDENTIAL" or "CONFIDENTIAL-2" shall be made when such papers are filed, lodged and/or served. The filing or lodging with the Court of any document containing

4

PDF created with pdfFactory trial version www.pdffactory.com

"CONFIDENTIAL" or "CONFIDENTIAL-2" information shall be done in conformance with Section 5 of this Protective Order.

   f. A party may designate information disclosed at a hearing as "CONFIDENTIAL" or "CONFIDENTIAL-2" by requesting, at the time the information is proffered or adduced, that the Court receive the information *in camera* and designate the transcript appropriately.

   g. In the event that a party's motion papers, briefs, memoranda, discovery requests, requests for admissions or other papers of any kind contain another party's "CONFIDENTIAL" or "CONFIDENTIAL-2" information, the papers shall be designated as "CONFIDENTIAL" or "CONFIDENTIAL-2" and shall be treated accordingly.

   h. All documents, including attorneys notes and abstracts, that contain another party's "CONFIDENTIAL" or "CONFIDENTIAL-2" information shall be treated as if such documents were also designated as "CONFIDENTIAL" or "CONFIDENTIAL-2."

   i. The parties shall use reasonable care to avoid designating as "CONFIDENTIAL" or "CONFIDENTIAL-2" any document, information or thing that is not entitled to such designation under Fed. R. Civ. Pro. 26(c)(7) or that is generally available to the public.

   4. <u>Use of Confidential Information</u>

   a. Documents, information or things designated "CONFIDENTIAL" or "CONFIDENTIAL-2" shall not be made public by counsel or persons entitled access to such materials under this Protective Order unless such materials become part of the public record of this action other than through a violation of this Protective Order, and shall not be disclosed to anyone other than this Court and the persons entitled access to such materials under this Protective Order.

PDF created with pdfFactory trial version www.pdffactory.com

b. All documents, information and things designated "CONFIDENTIAL" or "CONFIDENTIAL-2" may be used by persons to whom such documents, information and things are properly disclosed pursuant to this Protective Order solely for purposes of pretrial preparation and proceedings in this action, trial of this action and any appellate proceedings in this action. Such documents, information and things shall be used for no other purpose unless and until agreed to in writing by all parties to this action or authorized by order of the Court. No person who receives any such document, information or thing shall disclose it to any person for any purpose other than for pretrial preparation and proceedings in this action.

Notwithstanding the foregoing, the parties or their counsel may use any documents, information, or things disclosed in this action for purposes of pretrial, trial, or appellate proceedings in any other action in which the conveying party is a Defendant and where the allegations concern design defects in power saws. Further, the parties or their counsel may use any documents, information or things disclosed in this action which were created by or for (i) the Power Tool Institute ("PTI") joint venture regarding a blade contact injury avoidance system for table saws ("Blade Contact Joint Venture"), (ii) the PTI joint venture regarding mechanical guarding systems for table saws ("Guarding Joint Venture"), or (iii) any other PTI committee, in any other action in which a member of the particular PTI joint venture or committee is a Defendant and where the allegations concern design defects in power saws. Any such use of documents, information, or things in any such action shall be subject to the terms and conditions of this Protective Order unless and until a superceding order is entered.

c. Documents, information and things designated "CONFIDENTIAL" may be disclosed by the receiving party only to: (i) officers and employees of the receiving party who the receiving party reasonably and in good faith believes need to know in order for the receiving party to prepare for this action; (ii) counsel in this action, and such counsel's

6

PDF created with pdfFactory trial version www.pdffactory.com

stenographic, clerical and paralegal employees whose functions require access to such "CONFIDENTIAL" information; (iii) court reporters and stenographers engaged to transcribe depositions or proceedings in this action; (iv) the Court and its employees; (v) employees of the designating party during the course of a deposition or other proceeding in this action; (vi) experts or consultants retained by the receiving party and whose advice and consultation are being or will be used by the party in connection with this action, provided that such experts and consultants have first executed a Confidentiality Pledge; (vii) any non-party witness or any person reasonably anticipated to be a witness at a deposition or other proceeding in this action provided such person has executed a Confidentiality Pledge; and (viii) any other person, with the prior written approval of the designating party, provided such person has executed a Confidentiality Pledge.

      d.    Any and all Confidentiality Pledges signed by experts or consultants shall be maintained by the receiving counsel, but need not be produced to opposing counsel absent an order of the Court. All such Confidentiality Pledges shall be maintained by the receiving party's counsel. At such time that the parties identify experts pursuant to order of the Court or by supplementation pursuant to Fed. R. Civ. P. 26, a copy of the Confidentiality Pledge with respect to each identified expert shall be produced to the opposing counsel within ten days. At the conclusion of the litigation, counsel for each party shall deliver to opposing counsel a copy of each and every Confidentiality Pledge it obtained during the course of the litigation.

      e.    Documents, information and things designated "CONFIDENTIAL-2" may be disclosed by the receiving party as allowed in Sections 4(c) and 4(d) above, except that under no circumstances shall documents, information or things designated "CONFIDENTIAL-2" or any of the information contained therein be released or disclosed to Stephen Gass or any agent or employee of SawStop, LLC; SawStop, Inc.; SD3, LLC; or any of their parents, subsidiaries, or

PDF created with pdfFactory trial version www.pdffactory.com

affiliated companies. Plaintiff agrees to the use of this designation without waiving its right to challenge the withholding of any or all information from Stephen Gass. Such challenge, if any, shall be made by motion to the Court to lift all or part of any restraint from disclosing such information to Gass. Plaintiff agrees to abide by such designation until any such designation or restraint is lifted by consent or court order.

      f.    In the event that a party desires to provide access to or to disseminate CONFIDENTIAL MATERIALS to any person not otherwise entitled to access under this Protective Order, that party may move the Court for an Order that such person be given access thereto. In the event that the motion is granted, such person may have access to CONFIDENTIAL MATERIALS after first signing a Confidentiality Pledge, a copy of which shall be forwarded promptly thereafter to opposing counsel.

      g.    Nothing herein shall restrict a party's use of its own materials that it produces in discovery.

      h.    Nothing herein shall restrict a party's use of information which (i) the conveying party agrees, or the Court rules, is already public knowledge, (ii) the conveying party agrees, or the Court rules, has become public knowledge other than as a result of a violation of this Protective Order or by any other unlawful means, (iii) was already known to the receiving party under conditions such that its use and/or public disclosure by the receiving party would not violate some obligation to another, which knowledge is established by pre-production documentation, or (iv) has come or shall come into the receiving party's legitimate possession independently of the conveying party under conditions such that its use and/or public disclosure by the receiving party would not violate some obligation to another.

PDF created with pdfFactory trial version www.pdffactory.com

i.  Nothing herein shall restrict or prohibit discussions with any person about CONFIDENTIAL MATERIALS if said person already has or obtains legitimate possession thereof, without restrictions which would independently prohibit such discussion.

5. Filing or Lodging Documents with the Court

Any document filed or lodged with the Court in connection with proceedings in this action that constitutes or contains "CONFIDENTIAL" or "CONFIDENTIAL-2" documents, information or things shall be filed with the Clerk of the Court in a sealed envelope, prominently endorsed with the caption of the case, an indication of the general nature of the contents, and the following legend:

### CONFIDENTIAL INFORMATION

This envelope is sealed pursuant to the _____, 2010 Stipulated Protective Order in this action. It contains information designated as "CONFIDENTIAL" or "CONFIDENTIAL-2" and is not to be opened or the contents revealed except by Order of the Court.

Notwithstanding the foregoing legend on envelopes containing "CONFIDENTIAL" or "CONFIDENTIAL-2" documents filed with the Court, the Court may open such envelope for purposes of conducting an *in camera* review of such documents to determine whether the "CONFIDENTIAL" or "CONFIDENTIAL-2" designation is appropriate.

6. Inadvertent Failure to Designate

In the event that a conveying party inadvertently fails to designate documents, information or things as "CONFIDENTIAL" or "CONFIDENTIAL-2," the conveying party may later correct the error by notifying the receiving party of the error in writing and making the appropriate designation in accordance with paragraph 3 above. The receiving party shall thereafter treat the documents, information or things in accordance with the designation and shall

9

PDF created with pdfFactory trial version www.pdffactory.com

take reasonable steps to ensure that any person to whom the receiving party has previously disclosed the documents, information or things treats them in accordance with the designation.

If the conveying party chooses to produce new copies of the documents, information or things with the appropriate "CONFIDENTIAL" or "CONFIDENTIAl-2" designation, the receiving party shall return any copies of the documents, information or things that were inadvertently produced without the proper "CONFIDENTIAL" or "CONFIDENTIAL-2" designation to the conveying party without retaining any copies thereof. The receiving party shall also make reasonable efforts to obtain and return any improperly designated documents, information or things and preclude their dissemination and use by any person to whom the receiving party has previously disclosed the improperly designated documents, information or things.

7. Challenge to Designations

a. A party may challenge any other party's designation of any document, information or thing as "CONFIDENTIAL" or "CONFIDENTIAL-2" at any time. Failure of a party expressly to challenge a designation shall not constitute a waiver by such party of the right to assert at a subsequent time that the designation is not appropriate.

b. In case of disagreement with the designation of any document, information or thing as "CONFIDENTIAL" or "CONFIDENTIAL-2," a party may request in writing that the designating party change the designation.

c. If a party denies a request to change the designation of any document, information or thing as "CONFIDENTIAL" or "CONFIDENTIAL-2" and the requesting party disagrees with the designating party's reasons for such denial or the designating party fails to respond to the request, the requesting party may apply to the Court, in a manner consistent with the Court's Individual Rules applicable to discovery disputes, for an Order removing or changing

10

PDF created with pdfFactory trial version www.pdffactory.com

the designation in the manner stated in the request. On such application, the designating party shall have the burden of proving that the material in question is within the scope of protection afforded by Rule 26(c) of the Federal Rules of Civil Procedure. No use or disclosure of any document, information or thing designated "CONFIDENTIAL" or "CONFIDENTIAL-2" shall be made, except as otherwise authorized by this Protective Order, unless and until the parties agree or the Court orders that the designation shall be removed.

       8. <u>Inadvertent Disclosure</u>

       a. In the event of an inadvertent disclosure of a party's "CONFIDENTIAL" or "CONFIDENITAL-2" documents, information or things to a person not authorized by this Protective Order to receive such materials, the party making the inadvertent disclosure shall, upon learning of the disclosure:

       (i) promptly notify the person to whom the disclosure was made that it contains "CONFIDENTIAL" or "CONFIDENTIAL-2" information subject to this Protective Order;

       (ii) promptly make reasonable efforts to obtain the return of the "CONFIDENTIAL" or "CONFIDENTIAL-2" documents, information, or things from and preclude its dissemination or use by the person to whom disclosure was inadvertently made; and

       (iii) within five (5) business days, serve the conveying party with a written notice stating the identity of the person to whom the disclosure was made, the nature of and circumstances surrounding the disclosure and the steps taken to obtain the return of the improperly disclosed documents, information or things and to ensure against their further dissemination or use.

//

//

PDF created with pdfFactory trial version www.pdffactory.com

9. <u>Inadvertent Production of Privileged Documents, Information or Things</u>

To facilitate the timely production of voluminous documents in compliance with the parties' respective requests for production, the inadvertent production of any privileged document, information or thing shall not be deemed a waiver of such privilege or otherwise affect any party's right to seek return of the inadvertently produced document, information or thing. The party receiving a document, information or thing that appears to be privileged shall promptly notify the conveying party upon becoming aware that the document, information or thing may have been inadvertently produced and, in any event, before making any use of said document, information or thing in its submissions to the Court or otherwise. The fact that a document, information or thing is listed on a party's privilege log shall be *prima facie* evidence that such document, information or thing has been inadvertently produced, but the failure to list such document, information or thing shall not preclude the conveying party from claiming that the document, information or thing is privileged and was inadvertently produced.

In the event documents, information or things which are claimed to be privileged or subject to the work product doctrine are inadvertently produced during discovery, such documents, information or things shall be returned by the receiving party within two days of any written request therefor, unless the receiving party challenges the privileged nature of the documents, information or things in which case the conveying party shall be entitled to make an application to the Court for the return of such documents, information or things. A claimed lack of privilege (and not the inadvertent production) shall be the sole ground for refusing to return inadvertently produced privileged documents, information or things and such documents, information or things shall only be retained while an application to the court is pending. While such application is pending, the receiving party shall not use or divulge the contents of such documents, information or things except to the Court under seal. If the Court finds that the

12

PDF created with pdfFactory trial version www.pdffactory.com

documents, information or things in question are privileged, the receiving party shall promptly return all copies of the inadvertently produced documents, information, or things and not retain any copies, notes or summaries of said documents, information or things. The receiving party shall also make reasonable efforts to obtain and return any inadvertently produced document(s), information or thing(s) and preclude their dissemination and use by any person to whom the receiving party has previously disclosed the inadvertently produced document(s), information or thing(s).

10.  Non-party Information

Discovery in this proceeding may involve disclosure by a non-party of its "CONFIDENTIAL" or "CONFIDENTIAL-2" documents, information or things. At the option of a non-party, such documents, information or things may be produced subject to the provisions of this Protective Order and, in that event, shall provide the non-party, with respect to the information produced by such non-party in connection with the discovery and pre-trial phase of this action, with all of the rights and obligations of a party as created by this Protective Order.

11.  Subpoenas

a.  In the event any person or party having possession, custody or control of any document, information or thing designated as "CONFIDENTIAL" or "CONFIDENTIAL-2" by another party pursuant to the terms of this Protective Order receives a subpoena or other process or order to produce the document, information or thing, the subpoenaed person or party shall promptly (within five business days):

>     (i)  give notification in writing of such fact to the attorneys of record of the designating party;
>
>     (ii) furnish such attorneys of record with a copy of such subpoenas, process or order; and

PDF created with pdfFactory trial version www.pdffactory.com

(iii) provide reasonable cooperation to the designating party with respect to any procedure instituted by the designating party to protect the confidentiality of the document, information or thing, including seeking all reasonable extensions to afford the disputing party an opportunity to obtain appropriate judicial relief;

(iv) provide the designated party reasonable time to seek appropriate judicial relief before complying with the subpoena.

b. If the designating party makes a motion to quash or modify the subpoena, process or order, the subpoenaed party shall not disclose, pursuant to the subpoena, process or order, any document, information or thing designated as "CONFIDENTIAL" or "CONFIDENTIAL-2" by the designating party except as required by an order or other process of the court having jurisdiction over the matter, and then only in accordance with such order or process.

12. Modification

a. Nothing herein shall restrict the power of the Court to modify this Protective Order or any term hereof for good cause shown.

b. Nothing herein shall preclude any party from applying to the Court for relief from this Protective Order, or from applying to the Court for further or additional protective orders, or from agreeing between themselves in writing, to modification of this Protective Order, subject to the approval of this Court.

c. Nothing herein shall preclude any party from enforcing its rights against any other party or any non-party believed to be violating its rights.

//

//

PDF created with pdfFactory trial version www.pdffactory.com

13. <u>No Waiver</u>

Neither the taking of, nor the failure to take, any action to enforce the provisions of this Protective Order, nor the exercise of, or failure to exercise, any rights created by this Protective Order, shall constitute a waiver of any right to seek or obtain protection or relief other than as specified herein or to pursue any claim or defense in this action or any other action. This Protective Order shall not affect the rights of the parties to object to discovery on grounds other than those related to trade secrets or confidential or proprietary information claims, nor shall it relieve a party of its obligation to respond properly to discovery requests.

14. <u>Disposition of Documents at Termination of Litigation</u>

a. At the conclusion of this action, each receiving party shall either return all CONFIDENTIAL MATERIALS of a conveying party in its possession, custody or control, and any copies thereof, to counsel for the conveying party, or shall otherwise dispose of such CONFIDENTIAL MATERIALS in a manner agreeable to both parties, except that trial counsel for the receiving party may retain work-product derived from the CONFIDENTIAL MATERIALS of a conveying party. With respect to any such retained work-product, and unless otherwise agreed to, this Protective Order shall survive the final termination of this action, except to the extent that the information in any CONFIDENTIAL MATERIALS is or becomes known to the public through no fault of the receiving party.

b. Sealed records which have been filed with the Clerk of Court shall be removed by the party submitting them (1) within ninety (90) days after a final decision is rendered if no appeal is taken, or (2) if an appeal is taken, within thirty (30) days after final disposition of the appeal. Parties failing to comply with this order shall be notified by the Clerk that, should they fail to remove the sealed records within thirty (30) days, the Clerk may dispose of them.

PDF created with pdfFactory trial version www.pdffactory.com

15. Violation of Order

Any violation of this Stipulated Protective Order during the pendency of this action or thereafter may be punishable as a contempt of court and may be grounds for a Motion for Sanctions to be filed in the Federal District Court.

16. Approval By Court

The parties to this Protective Order agree that they will promptly file a joint motion for entry of this Stipulated Protective Order. The parties further agree that they will tender this Stipulated Protective Order to the Court to be so ordered and that, prior to approval by the Court, this Stipulated Protective Order shall be effective and binding on the parties hereto as if approved by the Court.

**SO STIPULATED.**

Dated: January _____, 2010   By: _____
George F. Carpinello
Teresa A. Monroe
**BOIES, SCHILLER & FLEXNER LLP**
10 North Pearl Street, 4th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665

Kieran Ringgenberg (State Bar No. 208600)
**BOIES, SCHILLER & FLEXNER LLP**
1999 Harrison St., Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
Email: kringgenberg@bsfllp.com

Richard J. Sullivan
**SULLIVAN & SULLIVAN LLP**
40 Washington Street
Wellesley, MA 02481
Telephone: (781) 263-9400
Facsimile: (781) 239-1360
Email:         rsullivan@sullivanllp.com
*Attorneys for Plaintiff David DeCristoforo*

PDF created with pdfFactory trial version www.pdffactory.com

 

---
Andrea Miller (SBN 88 992)
**Nageley, Meredith & Miller, Inc.**
8001 Folsom Blvd., Suite 100
Sacramento, CA 95826
Telephone: (916) 386-8282
Facsimile: (916) 386-8952
Email: amiller@nmlawfirm.com
*Attorneys for Defendants Rexon Industrial Corp.*
*& Power Tool Specialists Inc.*

---
Charles S. Painter (SBN 89045)
**ERICKSEN ARBUTHNOT**
100 Howe Ave., Ste. 110 South
Sacramento, CA 95825
Telephone: (916) 483-5181
Facsimile: (916) 483-7558
Email: cpainter@ericksenarbuthnot.com
*Attorneys for Sears Roebuck & Co.*

**SO ORDERED**,

this 11th day of February, 2010

/s/ John A. Mendez
JUDGE OF THE UNITED STATES
DISTRICT COURT

PDF created with pdfFactory trial version www.pdffactory.com

**Exhibit A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF EASTERN CALIFORNIA**

DAVID DECRISTOFORO JR.,

      Plaintiff,    **CASE NO. 2:08-CV-0933-JAM-EFB**

 v.

REXON INDUSTRIAL CORP., POWER  **PLAINTIFF'S FIRST REQUEST FOR**
TOOLS SPECIALISTS, INC., RYOBI    **PRODUCTION OF DOCUMENTS**
TECHNOLOGIES, INC., ONE WORLD
TECHNOLOGIES, INC., and SEARS
ROEBUCK & CO.,

      Defendants.

**CONFIDENTIALITY PLEDGE**

  I, _____, declare under penalty of perjury under the laws of the United States that:

  1.  My present address is _____.

  2.  My present employer is _____ and the address of my present employer is _____.

  3.  My present occupation or job description is _____.

PDF created with pdfFactory trial version www.pdffactory.com

4. I have received a copy of the Protective Order in this action signed by the Court and dated _____.

5. I have carefully read and understand the provisions of the Protective Order.

6. I will comply with and be bound by all of the provisions of the Protective Order unless and until modified by Order of the Court.

7. I will hold in confidence and will not disclose to anyone not qualified under the Protective Order and will use only for purposes of this action, any CONFIDENTIAL MATERIALS which are disclosed to me. I will take appropriate steps and assume full responsibility to assure that any other people, *e.g.*, clerical or secretarial personnel, working for me will abide by the Protective Order.

8. I will return all CONFIDENTIAL MATERIALS that come into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained when requested to do so by that counsel.

9. I declare further that I understand that if I violate the provisions of the Protective Order, I may be subject to sanctions by the Court and that any party may assert other remedies against me. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

Executed on: _____

                                                             _____
                                                                     [Signature]

PDF created with pdfFactory trial version www.pdffactory.com